UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GODOY,<br><br>Plaintiff,<br><br>v.<br><br>SON MONNIVERIN, et al.,<br><br>Defendants. | No. 2:20-cv-1938 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff's motions for appointment of counsel, and for an extension of time to file an amended complaint are before the court.

Motion for Counsel

Plaintiff seeks the appointment of counsel because he is confined to his cell and unable to attend law library, make photocopies, or research. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

1

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

At this stage of the proceedings, the court is unable to evaluate plaintiff's likelihood of success on the merits. Plaintiff's complaint was dismissed because his general claims of allegedly inadequate medical care were too vague and conclusory to demonstrate a constitutional violation. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Motion for Extension

Plaintiff also filed a motion for extension of time to file an amended complaint. Good cause appearing, the motion is granted.

Orders

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 14) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 15) is granted; and

3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint.

Dated:  January 24, 2021

/godo1938.31+36

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2